Dawn L. Davis, Esq.
Nevada Bar No. 13329
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
ddavis@swlaw.com

*Attorneys for Defendant A. O. Smith Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY as Subrogee for Calvin Chan,<br><br>  Plaintiff,<br><br>vs.<br><br>A.O. SMITH CORPORATION, a corporation; and, DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.: 2:20-cv-01264-APG-VCF<br><br>**DEFENDANT A. O. SMITH CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant A. O. Smith Corporation ("Defendant"), by and through its counsel of record, Snell & Wilmer L.L.P., responds to Plaintiff Allstate Insurance Company, as Subrogee for Calvin Chan's ("Plaintiff" or "Allstate") Complaint as follows:

## COMMON ALLEGATIONS

1. Answering paragraph 1 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations, and therefore denies them.

2. Answering paragraph 2 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations, and therefore denies them.

3. Answering paragraph 3 of the Complaint, Defendant admits only that it manufactured a hot water heater with Model Number GVC 50 300 and Serial Number

1  1334J001836. Defendant denies each and every other allegation contained therein.

2      4. Answering paragraph 4 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations, and therefore denies them.

    5. Answering paragraph 5 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations, and therefore denies them.

**FIRST CLAIM FOR RELIEF**
**(Negligence against Defendants**
**A. O. SMITH CORPORATION;**
**and DOES 1 through 50, inclusive)**

    6. Answering paragraph 6 of the Complaint, Defendant repeats and incorporates by this reference its responses to paragraphs 1 through 5 of the Complaint as though fully set forth herein.

    7. Answering paragraph 7 of the Complaint, Defendant denies the allegations contained therein.

    8. Answering paragraph 8 of the Complaint, Defendant denies the allegations contained therein.

    9. Answering paragraph 9 of the Complaint, Defendant denies the allegations contained therein.

    10. Answering paragraph 10 of the Complaint, Defendant denies the allegations contained therein.

    11. Answering paragraph 11 of the Complaint, Defendant denies the allegations contained therein.

    12. Answering paragraph 12 of the Complaint, Defendant denies the allegations contained therein.

    13. Answering paragraph 13 of the Complaint, Defendant denies the allegations contained therein.

///

///

///

## SECOND CAUSE OF ACTION
### (Strict Liability [Product] Against Defendants A. O. SMITH CORPORATION; and DOES 1 through 50, inclusive)

14. Answering paragraph 14 of the Complaint, Defendant repeats and incorporates by this reference its responses to paragraphs 1 through 13 of the Complaint as though fully set forth herein.

15. Answering paragraph 15 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations, and therefore denies them.

16. Answering paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. Answering paragraph 17 of the Complaint, Defendant denies the allegations contained therein.

18. Answering paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19. Answering paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

20. Answering paragraph 20 of the Complaint, Defendant denies the allegations contained therein.

21. Answering paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22. Answering paragraph 22 of the Complaint, Defendant denies the allegations contained therein.

23. Answering paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

24. Answering paragraph 24 of the Complaint, Defendant denies the allegations contained therein.

25. Answering paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's insured was aware of, or should have been aware of, the proper, safe and intended use, care and maintenance of the subject unit and components thereof. Plaintiff's insured nevertheless, and with full knowledge of the consequences, misused and/or abused the subject unit, and such abuse and misuse of the subject unit by Plaintiff's insured was the proximate cause of Plaintiff's own damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that any and all damages, if any, sustained or suffered by Plaintiff, were proximately caused and contributed to by Plaintiff's insured's use of the subject unit for a purpose for which was not intended to be used. Plaintiff's insured knew or should have known that the use to which Plaintiff's insured put the subject unit was not the use for which the subject unit was manufactured or intended and that such unintended use could cause damages to Plaintiff's insured.

### FOURTH AFFIRMATIVE DEFENSE

The unit which is the subject of this lawsuit was accompanied with specific instructions and/or manuals regarding the proper use and care of said subject unit, the manner in which to properly use the subject unit, the manner in which the subject unit may safely be used, the procedures to follow to correctly, properly and safely use and care for the subject unit and the use for which the subject unit was designed, intended or marketed. Defendant is informed and believes and alleges that Plaintiff's insured was aware of, or should have been aware of, said instructions, and Plaintiff's insured knew, or should have known, of the consequences of using or caring for the subject unit contrary to and/or in disregard of said instructions, and yet Plaintiff's insured nevertheless used the subject unit contrary to said instructions which proximately caused Plaintiff's own damages. Defendant further alleges that had Plaintiff's insured used the subject unit in

1 compliance with the instructions, Plaintiff would not have damages in the sums alleged, or in any
2 sum, or at all.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff is barred from recovering from Defendant because Plaintiff's insured did not properly maintain the subject unit or components, changed it from its original condition as it existed at the time of its manufacture, and Plaintiff's insured failed to properly maintain and misused and abused the subject unit.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that by reason of Plaintiff's insured's conduct and actions, Plaintiff is estopped from obtaining the relief sought in Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that by reason of Plaintiff's insured's conduct and actions, Plaintiff has waived its right to assert every cause of action set forth in Plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's alleged damages, if any, are the result, in whole or in part, of Plaintiff's insured's failure to exercise reasonable care to reduce or mitigate their damages.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that any damage, injury or loss sustained by Plaintiff, if such occurred, was proximately caused and contributed to by negligence on the part of Plaintiff's insured because Plaintiff's insured did not exercise ordinary care at the times and places set forth in Plaintiff's Complaint.  Further, in the event that Plaintiff somehow prevails under its Complaint, any recovery would be reduced by the amount of negligence attributable to Plaintiff's insured.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's damage, if any, was the direct and proximate result of the conduct of Plaintiff's insured and/or Plaintiff's insured's agents, employees and invitees, in that they negligently, carelessly, recklessly, knowingly and willfully installed, operated, maintained, serviced, directed and otherwise controlled all operations and maintenance of Plaintiff's insured's subject unit. Said damage, if any, was directly and proximately caused, in whole or in part and/or

- 5 -

1  was contributed to or aggravated by the conduct of Plaintiff's insured and/or Plaintiff's insured's
2  agents, employees and invitees, when they so negligently, carelessly, recklessly, knowingly and
3  willfully acted with respect to the subject unit. Defendant further alleges that Plaintiff's insured
4  knowingly and willfully assumed the known risk that its actions may proximately cause damage to
5  said subject unit.

### ELEVENTH AFFIRMATIVE DEFENSE

The risk and dangers of Plaintiff's insured's conduct was known to Plaintiff's insured. Plaintiff's insured nevertheless conducted itself in such a manner as to expose itself to said risks and dangers and by doing so assumed all risks. Plaintiff's insured voluntarily assumed the risks of the activities in which she engaged and the resultant damages, if any, sustained by Plaintiff was proximately caused by Plaintiff's insured's own voluntary assumption of risk.

### TWELFTH AFFIRMATIVE DEFENSE

The subject unit which is the subject of this lawsuit contains specific warnings regarding the consequences of its use which admonished the user not to use the subject unit except pursuant to the instructions for its use. Defendant alleges that Plaintiff's insured, with complete disregard for said warnings, and with knowledge of said warnings and with complete appreciation of the consequences of using the subject unit contrary to said warnings, nevertheless used said product in disregard of the warnings and thereby proximately caused Plaintiff's own damage.

### THIRTEENTH AFFIRMATIVE DEFENSE

The component of the subject unit provided by Defendant was not in a defective condition at any time, including when it left the possession, custody or control of Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or loss, which allegation is expressly denied, then said damages or loss was solely caused by and attributable to superseding and/or intervening causes.
/ / /

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that persons, both served and unserved, named and unnamed, in some manner or percentage were responsible for Plaintiff's damages, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's allegations contained in Plaintiff's Complaint, and each of them, are barred by the doctrine of laches in that Plaintiff has unreasonably delayed in bringing these claims, and said delays have caused prejudice to Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that any injury, damage or loss sustained by Plaintiff, if any occurred, was proximately caused and contributed to by the negligence of third parties who did not exercise ordinary care toward either Plaintiff or Defendant with respect to the matters at issue. Accordingly, Plaintiff's recovery, if any, against Defendant must be barred or reduced by the failure of such third parties to exercise ordinary care.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that any component of subject unit manufactured or sold by Defendant did not proximately cause Plaintiff's alleged damages. Therefore, Defendant is not liable for any injuries or losses allegedly sustained by Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

If Plaintiff was damaged by any product manufactured or distributed by Defendant, Defendant nonetheless did not breach any duty to Plaintiff and is not liable for Plaintiff's alleged damages because the subject unit, when manufactured and distributed, conformed to the then-current state-of-the-art, and because the-then current state of scientific and industrial knowledge, art and practice was such that Defendant did not, and could not, know that the subject unit might pose a risk of harm in normal and foreseeable use. In addition, the subject unit, when manufactured and distributed, complied with all applicable governmental and regulatory safety standards.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant breached no duty, if any, owed to Plaintiff or Plaintiff's insured.

///

### TWENTY-SECOND AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged, as sufficient facts are not available after reasonable inquiry upon the filing of Plaintiff's Complaint and, therefore, Defendants reserve the right to amend their Answer to allege additional affirmative defenses if subsequent investigation warrants.

### TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment to the Constitution of the United States of America, Defendant is entitled to, and demands, a trial by jury.

### PRAYER FOR RELIEF

Defendant respectfully requests the Court grant Defendant the following relief against Plaintiff:

1. Dismissing Plaintiff's Complaint in its entirety;
2. Denying the relief requested by Plaintiff;
3. Awarding Defendant its costs and attorneys' fees; and
4. For such other and further relief as the Court deems just and proper.

DATED this 8th day of July, 2020.

SNELL & WILMER L.L.P.

By: /s/ *Dawn L. Davis*
Dawn L. Davis, Esq.
Nevada Bar No. 13329
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

*Attorneys for Defendant*
*A. O. Smith Corporation*

Snell & Wilmer L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2020, I electronically transmitted the foregoing **DEFENDANT A. O. SMITH CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to on all persons who have registered for e-service on PACER for this case.

Jason P. Williams, Esq.
WILLIAMS I PALECEK LAW GROUP
311 East Liberty Street
Reno, Nevada 89501
jwilliams@wplgattomeys.com

David C. O'Mara, Esq.
THE O'MARA LAW FIRM
311 East Liberty Street
Reno, Nevada 89501

*Attorneys for Plaintiff*
*ALLSTATE INSURANCE COMPANY*

*/s/ Lyndsey Luxford*
An employee of SNELL & WILMER L.L.P.